20-3744-cr
United States of America v. Terrance Stinson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:    ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                      20-3744-cr

TERRANCE STINSON AKA T-ROCK,

                    *Defendant-Appellant*.[*]

_____

Appearing for Appellant:    Anne Burger, Assistant Federal Public Defender, Federal Public Defender's Office, Rochester, N.Y.

Appearing for Appellee:    Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Terrance Stinson appeals from the October 21, 2020 amended judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) sentencing Stinson to 299 months' imprisonment and five years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review sentences for "reasonableness," applying an abuse of discretion review. *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). This abuse of discretion review encompasses both procedural review and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Procedural review focuses "on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005). Procedural unreasonableness is found where the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the Section 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Robinson*, 702 F.3d at 38.

Stinson argues that the district court committed procedural error when, during his resentencing, the district court discussed Stinson's original 2004 sentence and the 2004 Guidelines, but only briefly discussed Stinson's post-sentence rehabilitation. We disagree, and find that the district court's resentencing followed proper procedure. The district court started by looking at the most recent 2020 Guidelines calculations. The district court considered the Section 3553(a) factors, including Stinson's rehabilitation, as well as the seriousness of his offense and the necessity of specific and general deterrence. Stinson faults the district court for not considering his rehabilitation sufficiently. But as Stinson's citations to the record reveal, the district court noted Stinson's rehabilitation repeatedly, stating that the "[i]narguably positive contributions [Stinson] made within the prison system to try to mentor other individuals and specifically young people to get their lives on track once they get out."

The district court did discuss Stinson's 2004 sentence and the 2004 Guidelines, but only in the context of examining the conduct and the facts that shaped both his 2004 sentence and his 2020 sentence. In fact, the district court declined the government's recommendation for an upward departure of 622 months' imprisonment because the district court thought it unfair given that it was the same sentence Stinson received for a conviction that had been vacated. The record demonstrates the district court did not use the 2004 sentence, or the 2004 Guidelines, in its resentencing of Stinson. The district court properly calculated the 2020 Guidelines range, did not treat the Guidelines as mandatory, considered the Section 3553(a) factors, sentenced on the appropriate facts, and adequately explained its chosen sentence. *See Robinson*, 702 F.3d at 38.

Stinson next argues that the district court violated his Fifth and Sixth Amendment rights when, during sentencing, it factored in acquitted conduct. Here, the district court considered Stinson's involvement in the theft of one-half kilogram of cocaine during the robbery of Shawn Battle, for which he had been acquitted by the jury. Stinson acknowledges that his arguments

have been rejected by the Supreme Court in *United States v. Watts*, 519 U.S. 148 (1997), and by this Court in *United States v. Vaughn*, 430 F.3d 518 (2d Cir. 2005), and as such, must be rejected here.

We have considered the remainder of Stinson's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk